IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:16-CR-3019 |
| vs. | |
| JETWAN G. WILLIAMS, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report and addendum in this case. The defendant has objected to the presentence report (filing 42) and moved for a downward variance (filing 43).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected (filing 42) to the presentence report on three grounds. First, the defendant objects to the base offense level of 20, which was based on U.S.S.G. § 2K2.1(a)(4)(B)(i)(I) and the probation officer's conclusion that one of the firearms involved in this case was capable of accepting a large capacity magazine: that is, that a magazine that could accept more than 15 rounds of ammunition was either attached to the firearm or in close proximity to it. *See id.* cmt. n. 2. The Court notes that the parties agreed to a base offense level of 14 in the plea agreement. Filing 35 at 3. When the defendant objects, it is the government's burden to prove the base offense level. *See*, *United States v. Piggie*, 316 F.3d 789, 793 (8th Cir. 2003); *United States v. Curruth*, 439 F. App'x 560, 563 (8th Cir. 2011). Accordingly, the Court will resolve this issue on the evidence presented at sentencing.

Second, the defendant objects to the assessment of two criminal history points based on a juvenile petition. The defendant contends that he was placed at Boys Town, which is not the equivalent of imprisonment for purposes of U.S.S.G. § 4A1.1(b). But as the presentence report points out, the defendant's placement at Boys Town did not work, and he was committed to the Youth Rehabilitation and Treatment Center in Kearney (YRTC-Kearney) for a period of more than 60 days, which is plainly "imprisonment" as the Eighth Circuit has interpreted it. *See United States v. Allen*, 64 F.3d 411, 412-13 (8th Cir. 1995); *accord United States v. Stewart*, 643 F.3d 259, 263-64 (8th Cir. 2011); *see also*, Neb. Rev. Stat. §§ 43-286; 43-410; 43-412; and 43-424.

The addendum to the presentence report states that the defendant was committed to YRTC-Kearney on the basis of the allegations of misconduct contained in the juvenile petition. The defendant, on the other hand, argues that he was *not* sent to YRTC-Kearney on the basis of the juvenile petition, but pursuant to a detainer for running away from Boys Town. Filing 42 at 2. The Court will, therefore, resolve this issue on the evidence presented at sentencing. *See United States v. Dodson*, 817 F.3d 607, 610 (8th Cir. 2016) (government has initial burden of proving fact of prior conviction).

- 2 -

Finally, the defendant objects to the assessment of two criminal history points for two Nebraska infractions for possession of marijuana. Filing 42 at 2. The defendant argues that "each offense is an infraction, and therefore he should not receive a point for the offenses" because "including infractions leads to a guideline calculation based on a criminal history category that is more than reasonably necessary for the purposes of sentencing according to the guidelines." Instead, he contends, such crimes can be considered by the Court "as mitigating or aggravating factors" in sentencing. Filing 42 at 2.

But whether to vary or depart from the Guidelines is a matter the Court must consider *after* determining the advisory sentencing range as recommended by the Guidelines. *United States v. Lozoya*, 623 F.3d 624, 625-26 (8th Cir. 2010). And

> how a state views an offense does not determine how the United States Sentencing Guidelines view that offense. The Sentencing Guidelines make clear that in a federal case, all prior sentences are points of criminal history unless specifically exempted. A prior sentence is any punishment imposed upon the adjudication of guilt. The Guidelines are explicitly designed to apply to prior sentences in which only a fine was ordered. [The defendant]'s fine for possession of marijuana is a prior sentence.

*United States v. Foote*, 705 F.3d 305, 307 (8th Cir. 2013). Nor is possession of even a small amount of marijuana similar to an offense, like a minor traffic infraction, that goes uncounted under the Guidelines. *Id.* at 308-09. Accordingly, with respect to these two criminal history points, the Court's tentative finding is that the defendant's objection lacks merit. *See id.* at 309. Whether the petty nature of the offense weighs in favor of a downward variance is a matter the Court will consider in sentencing the defendant.

3. The defendant has moved for a downward variance (filing 43), based on his personal characteristics, the circumstances of the offense, and the § 3553(a) factors. *See* filing 44. The Court will resolve that motion at sentencing.

4. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the

      preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

5. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

      Dated this 4th day of January, 2017.

                                      BY THE COURT:

                                      John M. Gerrard
                                      United States District Judge